IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANNY GENE WOLFE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:11-cv-215-GPM-DGW |
| | ) |
| HARVEY G. LAPPIN, MICHAEL K. | ) |
| NALLEY, and BRUCE BLEDSOE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are two motions filed by Plaintiff Danny Gene Wolfe for Court Ordered Appearance of a Material Witness (Docs. 25 and 29), and a Motion to Strike Pages 2 and 3 of the First Motion for Court Ordered Appearance of a Material Witness filed by Defendant Harley G. Lappin (Doc. 28).

### MOTION FOR COURT ORDERED APPEARANCE OF A MATERIAL WITNESS

Plaintiff Danny Gene Wolfe, a prisoner proceeding *pro se*, asks the Court to order the appearance of fellow FCI-Big Spring inmate Michael Eugene Hollis at the August 15, 2012, *Pavey* hearing to testify regarding Wolfe's attempts to exhaust his administrative remedies prior to filing suit. In support of the request, Wolfe submitted the affidavit of inmate Hollis (Doc. 27). Inmate Hollis avers that he assisted Wolfe in filing institutional remedies asking the Bureau of Prisons to provide him with dentures and eyeglasses. Inmate Hollis stated: "[I]n May 2010, Danny and I started to work and by October 20, 2010, Danny had his dentures, even though they did not fit too well. Also, we almost had his administrative remedies exhausted so we could file this civil rights

lawsuit that Judge Cummings sent to Los Angeles, California, Little Rock, Arkansas, Chicago, Illinois, and Abilene, Texas, he kept.  Danny and I put many, many hours into this lawsuit and I really and truly believe that justice will be served in Danny's case" (Doc. 27, p. 2).

The statements of inmate Hollis are too vague for the Court to determine at this point whether his testimony is material to the question of exhaustion of administrative remedies that will be addressed at the *Pavey* hearing.  Therefore, Wolfe's motions for court-ordered appearance of a material witness (Docs. 25 and 29) are **DENIED without prejudice and with leave to refile the motion**.  To succeed on a refiled motion, Wolfe must include details describing the anticipated testimony of inmate Hollis as it pertains to Wolfe's specific attempts to administratively exhaust the particular claims raised in this lawsuit.

MOTION TO STRIKE PAGES 2 AND 3 OF THE MOTION FOR COURT-ORDERED APPEARANCE OF A MATERIAL WITNESS

The Court may order stricken from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).  Motions to strike are generally disfavored, however, and will be denied unless the portion of the pleading at issue is prejudicial. *Heller v. Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Tektel, Inc. v. Maier*, 813 F.Supp. 1331, 1334 (N.D. Ill. 1992) ("Motions to strike under Federal Rule 12(f) are not favored, and are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial.").  Prejudice results, for instance, where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party. *Cumis Ins. Soc., Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D. Ill.

1997). The determination whether to strike material under Rule 12(f) is within the discretion of the trial court. *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

Pages 2 and 3 of Wolfe's first motion for court-ordered appearance contain a newspaper article describing the DUI arrest of Defendant Lappin. The Court finds the article immaterial to the motion, unrelated to the issues in the case, and potentially prejudicial. Accordingly, Defendant Lappin's Motion to Strike Pages 2 and 3 of the Motion (Doc. 28) is **GRANTED**. The Clerk is **DIRECTED** to strike those pages from the motion (Doc. 25).

**IT IS SO ORDERED.**

**DATED: June 7, 2012**

*/s/ Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**