## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANNY GENE WOLFE,** )<br>)<br>**Plaintiff,** )<br>)<br>**vs.** )<br>)<br>**HARVEY G. LAPPIN, MICHAEL K.** )<br>**NALLEY, BRUCE BLEDSOE, WARDEN** )<br>**USP/SCP MARION, JOHN DOE 1 CHIEF** )<br>**DENTAL OFFICER USP/SCP MARION,** )<br>**JOHN DOE 2 HEALTH SERVICES** )<br>**ADMINISTRATOR USP/SCP MARION,** )<br>)<br>**Defendant.** ) | **CIVIL NO. 11-215-GPM** |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 43), recommending that Defendants' motion for summary judgment (Doc. 19) be granted in part and denied in part, and that Defendants' motion to dismiss (Doc. 18) be denied as moot.   The Report and Recommendation was entered on January 16, 2013.   Defendants filed a timely objection to the Report and Recommendation on February 13, 2013 (Doc. 49).

## Background

In this 42 U.S.C. § 1983 case, Mr. Wolfe claims that once his custody in the Bureau of Prisons ("BOP") began in 2004, he made ongoing requests for dentures (Docs. 1, 7).   He did not receive dentures until October 2010 (Docs. 1, 7).   Mr. Wolfe was placed at the United States

Penitentiary in Marion, Illinois in October 2007 until April 15, 2009.  He claims that while at Marion, he was repeatedly told that his request for dentures was "on the list" (Docs. 1, 7).  After Marion he was transferred to Big Spring FCI, Texas, where he remains.  He claims that Defendants failed to transmit information regarding his spot on the denture waiting list from Marion to Big Spring.

Defendants Lappin and Nalley filed a motion to dismiss for lack of personal jurisdiction (Doc. 18).  Defendants claim that neither Defendant Lappin, Director of the BOP working from Washington D.C. from 1985 to May 7, 2011, nor Defendant Nalley, Regional Director for the North Central Region of the BOP working from Kansas City, Kansas from 1981 to 2011, have extensive contacts with Illinois (Doc. 18).  In their motion for summary judgment (Doc. 19), Defendants argue that Mr. Wolfe failed to exhaust his administrative remedies; Defendants Lappin, Nalley and Bledsoe are entitled to summary judgment, as liability cannot be established via respondeat superior; the Court has no personal jurisdiction over Defendants Lappin and Nalley; Bledsoe, Lappin and Nalley are entitled to Qualified Immunity; Plaintiff cannot show that Defendants had the requisite state of mind to support a deliberate indifference claim; and Plaintiff cannot show that he suffered medical complications due to lack of dentures.

### *Pavey* Hearing and Conclusions of the Report and Recommendation

Upon consideration of Defendants' exhaustion argument, Magistrate Judge Donald G. Wilkerson held a hearing in accordance with *Pavey v. Conley* on August 22, 2012 (Docs. 40, 42). 544 F.3d 739 (7th Cir. 2008).  Defendants called Heather Lee MacConnell, legal secretary for the consolidated legal center of BOP, and Plaintiff appeared via video (Docs. 40, 43).  At the hearing, Plaintiff admitted that he did not file any grievances while in Marion.  He said he did not file a

grievance because he was afraid of retaliation.   Based on Plaintiff's filings in this court and affect at the hearing, however, Judge Wilkerson found this assertion to be not credible (Doc. 43, p. 5).

Based on the evidence before the Court at the *Pavey* hearing, Judge Wilkerson made the following pertinent factual determinations in the Report and Recommendation:   Plaintiff filed no grievances in Marion; Plaintiff did not file any grievance related to his dentures until March 2010, while he was incarcerated in Big Spring, Texas; Plaintiff was provided dentures in either August 2010 (by Defendants' records) or in October 2010 (by Plaintiff's recollection).

## Discussion

It is certainly the case that where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation.   28 U.S.C. § 636(b)(1)B), (C), FED. R. CIV. P.72(b); SDIL-LR 73(1)(b); *Harper v. City of Chicago Heights* 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).   The Court "may accept, reject, or modify the magistrate judge's recommended decision."   *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which *specific* objections have been made.'"   *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8 at p.55 (1st ed. 1973) (1992 Pocket Part) (emphasis added).   However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation.   *See Thomas v. Arn*, 474 U.S. 140 (1985).   Here, Defendants filed an objection, arguing that summary judgment is appropriate, and that no personal jurisdiction exists for Defendants Lappin and Nalley (Doc. 49). Plaintiff filed a response arguing that he had been told for years that he was on the denture waiting

list, but never was (Doc. 51).

The Court credits the factual findings of Magistrate Judge Wilkerson, but finds that a slightly different result is called for.   Plaintiff did not exhaust his remedies, and given that failure, Defendants' motion for summary judgment is **GRANTED**.   An inmate is required to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002).   Defendants have shown the Plaintiff did not meet this requirement.   Without filing any grievance—much less exhausting the grievance process—at Marion, Plaintiff cannot implicate Defendants by claiming some systematic failure to communicate his Marion request.   Plaintiff had the capacity to file a grievance upon his incarceration in Texas.   Defendants showed Plaintiff's first grievance in Big Spring came nearly a year after his incarceration there.   Plaintiff claims fear of retaliation kept him from properly filing grievances and availing himself of the administrative grievance procedure.   This Court embraces Judge Wilkerson's finding that such a claim is not credible.   There is simply no approximation of exhaustion here (*See* Doc. 43, p. 6).   As Judge Wilkerson found, after hearing the evidence at the *Pavey* hearing:   "Plaintiff waited for over 5 years to bring his concerns related to his dentures to the attention of prison authorities.   Such delay is patently unreasonable." (Doc. 43, p. 10).   This Judge concurs, and, in addition to being unreasonable, it is proof that Plaintiff failed to exhaust his administrative remedies as against any Defendant.[1]

## Conclusion

Because the Court has reviewed the evidence adduced at the *Pavey* hearing, each party's

---

[1] The Court also notes that 'not being told' of his place on the denture waiting list, when he failed to pursue his administrative remedies, hardly approximates a Constitutional violation.   *See Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992), *citing Shango v. Jurich,* 681 F.2d 1091, 1100-01 (7th Cir. 1982)("[T]he law is well-settled that state-created procedural rights do not, standing alone, constitute protected [constitutional] interests.").   Further, once Plaintiff finally filed a proper grievance, it took no longer than seven months to provide him a set of dentures.

briefings and evidentiary submissions, the Magistrate Judge's Report and Recommendation, and the party's objections to the same, and finds that Plaintiff failed to exhaust his administrative remedies as to all Defendants, Defendants' motion for summary judgment is **GRANTED**. Defendants' motion to dismiss is therefore MOOT.   Judgment shall be entered for Defendants, this case shall be **CLOSED** on the Court's docket, and this action **DISMISSED** without prejudice. *See Phillips v. Walker,* 443 Fed.Appx. 213, 215 (7th Cir. 2011) ("Dismissals for failure to exhaust under § 1997e(a) are without prejudice…while many of these same defendants might have valid defenses about nonexhaustion or the statute of limitations if [plaintiff] brings a new suit, those are questions to be resolved in the new litigation.")

**IT IS SO ORDERED.**

DATED:   March 27, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge